IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:15cr165 |
| | ) | |
| RAYMOND ANTOINE WYCHE, | ) | |
| | ) | |
| Defendant. | ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING
AND MOTIONS UNDER U.S.S.G. §§ 3E1.1(b) AND 4A1.3(a)

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, William D. Muhr, Assistant United States Attorney, and V. Kathleen Dougherty, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR), the United States Probation Office determined the applicable guideline range to be a term of 46-57 months' imprisonment based on a Total Offense Level of 19 and a Criminal History Category of IV. In accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the United States represents that it has reviewed the PSR and has discussed its contents with the United States Probation Office and counsel for the defendant. Neither party has any outstanding objections to the PSR.

For the reasons that follow, the United States submits that moves the Court pursuant to U.S.S.G. § 4A1.3(a) to depart upward from the defendant's properly-calculated advisory guidelines range, to reflect the inadequacy of his Criminal History Category. The United States additionally moves for a one level reduction in the defendant's offense level based on his acceptance of responsibility under U.S.S.G. § 3E1.1(b). If both of these motions are sustained, Mr. Wyche will face an advisory guidelines range of 57-71 months' imprisonment. The United

States submits that a sentence at top of this revised guideline range would fulfill the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

I.  **Background**

On December 17, 2015, an Eastern District of Virginia Grand Jury, Norfolk Division, returned a one-count Indictment charging the defendant with being a Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment arises from an event on October 19, 2015 wherein the Norfolk Police and United States Marshal's Fugitive Squad were searching for the defendant based on an outstanding warrant from Norfolk Circuit Court for the charge of Malicious Wounding. The Fugitive Squad received a tip that the defendant was at a Day's Inn motel on Military Highway in Norfolk, Virginia. The Fugitive Squad set up surveillance and observed the defendant exit room 233 with a female and they both got into an automobile. The defendant was seated in the front passenger seat and the female in the driver's seat. The Fugitive Squad closed in on the defendant and pulled him out of the automobile. On top of the seat where the defendant had been seating was a .40 caliber handgun and a cell phone. A DNA analysis by the Department of Forensic Science showed that the defendant's DNA was on both the handgun and the cellphone. The defendant is in fact a convicted felon and the handgun was not manufactured in Virginia and thus crossed over state lines affecting interstate commerce.

On June 27, 2016, the defendant pleaded guilty to Possession of a Firearm as a Convicted Felon under 18 U.S.C. § 922(g)(1), pursuant to a Plea Agreement, before the Honorable United States District Judge Mark S. Davis, who accepted the guilty plea and continued the matter until the completion of a PSR. As part of the Plea Agreement, the defendant understands that the United States has requested forfeiture of the .40 caliber firearm. The sentencing hearing in this

2

matter is set for October 19, 2016.

**II.   Motions**

    A.   Motion for Acceptance of Responsibility

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b), to grant an additional one-level reduction in the defendant's offense level for acceptance of responsibility. The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

    B.   Motion for Upward Departure

In reflection of the fact that a defendant's Criminal History Category is not likely to adequately capture the many variations in the seriousness of individuals' criminal pasts, the Guidelines Manual authorizes a sentencing court to consider departing upward or downward from the properly-calculated advisory guidelines. Section 4A1.3(a) provides that if "reliable information" indicates that a defendant's Criminal History Category substantially underrepresents either (i) the seriousness of his criminal history, or (ii) the likelihood he will commit other crimes, an upward departure may be warranted. U.S.S.G. § 4A1.3(a)(1). In considering whether such a departure is warranted, the court may consider both prior sentences not used in computing the Criminal History Category, as well as prior similar adult criminal conduct not resulting in a criminal conviction. Id. § 4A1.3(a)(2). The United States submits that a Category IV does not accurately represent Mr. Wyche's criminal history and moves the court to find that Category V is appropriate.

First, Mr. Wyche was charged six times as a juvenile, and convicted on three occasions,

none of which resulted in the assignment of any Criminal History Points. At age 15, he was convicted of both simple assault by mob and disorderly conduct, resulting in 5 days of detention, along with a term of supervised probation and community service. PSR ¶¶ 24, 26. Then, at age 16, Mr. Wyche brandished a handgun at a mother and her son, and also shot the weapon off in public, resulting in a conviction for brandishing a firearm. Id. ¶ 27. This was first of *many* firearms-related convictions for this 25-year-old man.[1] None of these juvenile convictions is reflected in the defendant's Criminal History calculation.

Additionally, Category IV does not take into account the defendant's other arrests that did not result in convictions. See id. ¶¶ 40-46. At age 18, Mr. Wyche was charged with battering the mother of one of his children when he grabbed her, spit in her face, and threw her against the car. Id. ¶ 40. The next year, he was charged with various offenses stemming from a shootout at Crestwood Middle School during which four people – including a minor – were shot in the leg, arm, and head. Id. ¶¶ 41, 42. Four months later, the defendant was charged with malicious wounding and use of a firearm in the commission of a felony when he and three other men shot into a vehicle driving next to them on Battlefield Boulevard. Id. ¶ 43. Finally, at age 21, the defendant was charged with malicious wounding, illegal possession of a firearm, and other charges after two victims were shot in the back and lower leg after running from a dispute purportedly involving a dice game. Id. ¶ 46.[2] Each of these charges was dismissed or nolle prossed based upon uncooperative victims.

---

[1] Notably, Mr. Wyche was also charged with pointing or brandishing a firearm as a 17-year-old. Id. ¶ 28. This charge, which stemmed from an armed altercation on a bus carrying children in Chesapeake, was nolle prossed.

[2] The charge for which Mr. Wyche now faces sentencing is based upon law enforcement's attempt to effectuate this arrest warrant on October 19, 2015 – and the weapon he was found with when taken into custody on that offense.

4

Mr. Wyche's criminal history is rife with violence and shows his intimate familiarity and nonchalance with firearms. In addition to the arrests above, the defendant has been *convicted* of illegally concealing a Ruger .45 caliber (age 18) and discharging and brandishing a firearm in public (age 19). His other convictions – possession of marijuana, trespassing, and possession with intent to distribute 24 bags of cocaine – are also serious and similarly show a disrespect for the law.

At the sentencing hearing on October 19, 2016, the United States will the present the testimony of Special Agent Edward Winkelspecht of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) regarding the investigations resulting in each of the arrests outlined above. SA Winkelspecht will testify about the evidence that resulted in Wyche's arrest, along with the reasons that the Commonwealth ultimately did not go forward on these charges. This testimony, combined with the un-objected to content of the PSR, provides "reliable information" that a Criminal History Category of IV does not accurately represent Mr. Wyche's serious criminal past, or his likelihood of recidivating, and that a Category V is proper.

**III.     Position on Sentencing and Argument**

For the reasons that follow, the government respectfully submits that a sentence at the upper-range of the Guideline range is appropriate and reasonable in light of the Section 3553(a) factors.

      A.     Nature and Circumstances of the Offense

The nature of this offense is very serious. The defendant is a convicted felon yet he is carrying around a .40 caliber handgun. At the same time, he had a warrant out for his arrest for a malicious wounding charge in Norfolk, Virginia. This warrant stemmed from an incident where two victims were shot in the 1800 block of Greenleaf Drive while they were playing dice. See

PSR ¶ 46, and supra note 2. The ballistics test of the .40 caliber handgun shows that the .40 caliber handgun that the defendant was found with on October 19, 2015, is one of the handguns that were used to fire bullets at the victims. The victims in that case became uncooperative so the charges against the defendant were nolle prossed. The defendant possessed this firearm while being affiliated with a gang and having a criminal record of convictions and charges wherein the defendant has on multiple occasions shot other individuals.

      B.      History and Characteristics of the Defendant

This twenty-five-year-old defendant was born in Chesapeake, Virginia. The defendant is the sole child of the union between his parents. However, he has a step-sister and a step-brother. The defendant grew up without the benefit of his father being present. The defendant's mother is 39 years old and works as a certified nursing assistant. The defendant describes his childhood as "great" but he lived in a neighborhood with a lot of shootings. Three of the defendant's friends have been shot and killed. The defendant claims he never suffered any abuse as a child and he was well taken care of. The defendant states that he was raised to be respectful, to make wise decisions, to be a man and to take responsibility for poor decisions. The defendant's mother states that the defendant started getting in trouble when they moved to a new neighborhood at the age of 12 and he began to hang around with the wrong crowd. The defendant is engaged and has fathered two children through two other women.

The defendant claims that he is in excellent health. However, in 2010 the defendant was involved in some type of altercation and was shot two times---left chest and left forearm. He was treated for the wounds and released. The defendant has no history of psychological problems. The defendant started using marijuana at the age of 14 and started using "Molly" (MDMA) at the age of 18. The defendant completed the 9th grade at Oscar Smith High School in

Chesapeake, Virginia and continued his education at the Southeastern Cooperative Educational Program, however there are no records of his attendance. The defendant states he has been employed as a roofer, as a worker at Arby's and a package handler at Fed Ex.

As discussed exhaustively above, see supra pages 3-5, Mr. Wyche has a long and varied criminal history marked by violence, drug use, and the presence of firearms. The defendant has displayed an almost uninterrupted string of criminal acts starting at the young age of 14. He has received extremely lenient treatment over and over again – a few days of detention here, several months of probation, suspended sentences, community service hours, fines. At least one of his probationary stints was "problematic," as Mr. Wyche chose to commit new crimes and use marijuana. PSR ¶ 34. His probation officer suggested the defendant move to Georgia to get away from any negative element. The defendant agreed to move, but then snuck back into Virginia without the permission of the probation officer. Id. In addition to the arrests that resulted in dismissed or nolle prossed charges, Mr. Wyche has also been charged with very serious charges of which he was acquitted. Both his animal cruelty charge, and his first-degree murder, attempted use of a firearm, and possession of a firearm charges, all resulted in not guilty findings. Id. ¶¶ 44, 45.

The defendant has a very serious criminal record and many of his convictions involve a firearm. In addition, the defendant has been charged multiple times with the malicious wounding of various victims by shooting the victims. These charges were all ultimately dismissed or nolle prossed because of uncooperative victims and witnesses – a disturbing trend to say the least. The government contends that it is not because the defendant was so unfortunate as to be falsely charged so many times with shooting other individuals, rather it is because the defendant has been affiliated with gangs and has a reputation in the community of a violent individual who

does not hesitate to shoot to people. Therefore, the victims and witnesses figured it was in their best interest not to cooperate and testify against the defendant – and failing to hold him accountable.

### C. Other Factors to be Considered Under 18 U.S.C. § 3553(a)

Among the other factors a sentencing court is to consider under Section 3553(a), the United States highlights the need for the sentence imposed to promote respect for the law, afford adequate deterrence to future criminal conduct, and protect the public from any future crimes he may commit.

### IV. Conclusion

The defendant has demonstrated through his criminal history that he has little respect for the law and none of his previous convictions or charges has served in anyway to deter him from committing any further crimes. The defendant has a clear propensity for violence and for shooting people. Clearly, his criminal behavior poses a danger to the community. Therefore, a sentence at the upper end of the applicable Guideline Range would be a sentence that is sufficient but not greater than necessary to fulfill the purposes of the Section 3553(a) sentencing factors.

Respectfully submitted,
Dana J. Boente
United States Attorney

By: \_\_\_\_\_/s/_____
William D. Muhr
V. Kathleen Dougherty
Assistant United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
(757) 441-6331 Office
bill.muhr@usdoj.gov
v.kathleen.dougherty@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

Andrew M. Sacks, Esq.
150 Boush Street, Suite 501
Norfolk, VA 23510
Phone: (757) 623-2753

I HEREBY CERTIFY that on this 12th day of October, 2016, I mailed a true and correct copy of the foregoing to the following:

Christopher Zychowski
United States Probation Officer
United States District Courthouse, Suite 1150
701 East Broad Street
Richmond, VA 23219
Phone: (804) 916-2829

    /s/
William D. Muhr
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
(757) 441-6331 Office
(757) 441-6689 Fax
bill.muhr@usdoj.gov