IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:15cr165

RAYMOND ANTOINE WYCHE

## DEFENDANT RAYMOND ANTOINE WYCHE'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Raymond Antoine Wyche, and as and for his Position With Respect To Sentencing Factors, respectfully states the following:

## GUIDELINES CALCULATIONS

The defendant does not object to the proposed guidelines calculations of 46-57 months. For the reasons stated below, the defendant respectfully submits that a sentence at the bottom end of the guidelines of 47 months is appropriate.

## SECTION 3553 (a) FACTORS

18 U.S.C. Section 3553 (a) directs that, "The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that subsection. The defendant respectfully submits that 47 months satisfies this mandate.

### Nature and Circumstances of the Offense

The defendant has pleaded guilty to a charge involving a felon in possession of a firearm, which is also characterized as a status offense.

While counsel does not make light of the fact that this is a status offense, counsel has always taken the position that while serious, the mere possession of a firearm, otherwise lawful, that is made unlawful because of a person's status as a citizen (convicted felon) is not in and of itself a particularly aggravated offense. Where such a status offense

1

can become more aggravated, of course, is when the firearm is possessed by a convicted felon contemporaneously with or in furtherance of the commission of another offense, such as a crime of violence with the subject firearm, none of which circumstances are present here.

In sum, the defendant had what would otherwise be a constitutionally protected item that he should not have had because of his status. Standing alone, under the circumstances of this case, the defendant respectfully submits that a sufficient sentence of nearly 4 years (47 months) is appropriate but not greater than necessary. (While the firearm was reported stolen, and the defendant has received an enhancement for that characteristic, there is no evidence in the Statement of Facts that would establish beyond a reasonable doubt that the defendant perpetrated such theft).

There are no aggravating adjustments for the defendant's role in the offense, nor any information indicating that the defendant impeded or obstructed justice.

The defendant has accepted full responsibility for his actions. The PSR indicates that "the defendant admitted involvement in the offense," (PSR at paragraph 12), and that the "defendant has clearly demonstrated acceptance of responsibility for the offense" (PSR at paragraph 21). Moreover, the "defendant has assisted authorities… in the prosecution of the defendant's own misconduct by timely notifying the authorities of the intention to enter a plea of guilty." (PSR at paragraph 22).

Accordingly, based on all of the foregoing, the defendant respectfully submits that the nature and circumstances of the offense support the conclusion that a sentence at the low end of the guidelines of nearly 4 years (47 months) is sufficient but not greater than necessary under the circumstances.

<u>History of the Defendant</u>

The defendant is 25 years old, and was born in Chesapeake, Virginia, the only child of his parents' relationship, although his mother has two other children.

The defendant has no contact with his father nor any knowledge of any personal information related to his father.

His mother, however, with whom the defendant is close, is a certified nursing assistant with no criminal record or history of substance abuse.

The defendant's sister works at Walmart and she, too, has no criminal record or history of substance abuse. Nor does his brother, a student and football player at Indian River High School, have any such record or history.

While the defendant described his childhood as "'great,'" he had the misfortune of being raised in a neighborhood that experienced a great deal of shootings, noting that three of his friends have been shot and killed. Moreover, while not reflected in the PSR, the defendant just lost a younger brother on his father's side who was just 18 years old, who was recently shot and killed while defendant has been in custody, and which loss has caused significant grief and suffering for the defendant.

The defendant did indicate that he was "well provided for" by his mother; "received ample financial and emotional support;" "was raised to be respectful, make smart decisions, and to be a man and take responsibility;" and that "he grew up in a healthy household and never suffered physical abuse or witnessed any substance abuse." All of these factors suggest that the defendant, who is still only 25, has the upbringing and the capability to live a productive and constructive adult life.

Unfortunately, consistent with the defendant's own observations about his poor childhood neighborhood environment, his mother indicated that, again, the defendant began getting in trouble when he was about 12 when the family moved to a new

3

neighborhood where he began associating with negative peers.

The defendant is not married, but does have two children, a son (8) and a daughter (not quite 7 months). His son's mother indicates that the defendant was involved in his son's life prior to the defendant's incarceration, but he has yet to see his new-born daughter because she was born while he was incarcerated.

Moreover, he became recently engaged in June, 2016, while in custody, to Kamisha Johnson, a loyal friend and companion of 16 years, providing hope for a future stable and happy marriage for the defendant, still a very young man.

There is no evidence of any history of psychiatric or psychological treatment nor documented evidence to suggest otherwise. The PSR reports that the defendant "was cooperative during the presentence interview and able to answer questions and provide information regarding his personal history." (PSR at paragraph 60).

The defendant has experienced a problem with marijuana since he was 14, clearly needs substance abuse treatment, and has said in the PSR that he would benefit from participation in same. (PSR at paragraph 61). Thus, the defendant respectfully requests a recommendation by the Court to the Bureau of Prisons' RDAP substance abuse education program.

Unfortunately, the defendant did not complete high school, but while in school, his grades were average, and he participated in football, basketball and baseball, The defendant has advised counsel that he very much wishes to complete and further his education while incarcerated and he plans to take advantage of any such opportunities.

The defendant's last employment prior to his October, 2015 incarceration was with Ricky's Roofing in Chesapeake. Ricky Hunt, the owner of the company, not only confirmed the defendant's prior employment, but "noted the defendant would be welcome to return to

work." (PSR at paragraph 63).

While the defendant does have a number of serious alleged offenses with which he was charged, the vast majority of these were dismissed and certainly should not be held against the defendant. He was even charged with an alleged murder in the Chesapeake Circuit Court for which he was clearly innocent, had been framed by the victim's family and friends, and upon which basis the jury found him not guilty. In truth and in fact, the defendant only possesses one prior felony conviction, a drug-related offense when he was 19.

For the foregoing reasons, based upon the defendant's potential to be a good citizen based on the strength of his upbringing, his motivation to improve his education, his proven work ability as demonstrated to his employer at Ricky's Roofing, his lack of a significant prior felony conviction history, his fatherhood of 2 children, his engagement to a young woman since June, 2016 whom he has known for 16 years, the potential for new-found stability and productivity in his life, and the strong mitigating circumstances of never having had a father to raise him and growing up in a difficult, violent neighborhood, the defendant respectfully submits that a sentence of nearly 4 years (47 months) at the bottom end of the guidelines is sufficient but not greater than necessary.

## CONCLUSION

For the foregoing reasons, the defendant respectfully submits that the Court should impose a sentence at the low end of the guidelines of nearly 4 years (47) months.

RAYMOND ANTIONE WYCHE  
/s/  
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082  
Stanley E. Sacks, Esquire, VSB# 04305  
Attorneys for defendant Kenneth R. Meeks

SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 801
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

| | | |
|---|---|---|
| William D. Muhr Esquire | and | V. Kathleen Dougherty, Esquire |
| VSB # 30652 | | VSB # 77294 |
| Assistant United States Attorney | | Assistant United States Attorney |
| United States Attorney's Office | | United States Attorney's Office |
| 8000 World Trade Center | | 8000 World Trade Center |
| 101 West Main Street | | 101 West Main Street |
| Norfolk, VA 23510 | | Norfolk, VA 23510 |
| Phone: (757) 441-6331 | | Phone: (757) 441-6331 |
| Facsimile: (757) 441-6689 | | Facsimile: (757) 441-6689 |
| Email: bill.muhrl@usdoj.gov | | E-mail: v.kathleen.dougherty@usdoj.gov |

I hereby further certify that on this 12th day of October, 2016, I will e-mail a copy of the foregoing to Christopher Zychowski, U.S. Probation Officer, U.S. District Courthouse, Suite 1150, 701 East Broad Street, Richmond, VA 23219.



/s/
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Raymond Antoine Wyche
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\WYCHE Raymond\FEDERAL CASE 2016\PositionSentFactors10 12 16.docx